

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5914 | **DATE** | 10/24/2002 |
| **CASE TITLE** | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 12/5/02 at 9:00 a.m. Defendants' response to all outstanding written discovery to be filed by 10/31/02. All other discovery to be filed by 10/31/02. Defendants' response to plaintiff's motion to compel defendant Northwestern Memorial Hospital to complete discovery to be filed by 11/6/02. Plaintiff's reply to be filed by 11/13/02. Enter Memorandum Opinion And Order. Plaintiff's motion to overrule defendant's, Northwestern Memorial Hospital's, claim of privilege and to compel production is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 2 5 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 46 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
OCT 2 5 2002

| | |
|---|---|
| JOSEPH VALENTI, Administrator of the Estate of JOANNA L. KOLBERG, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>ENIO RIGOLIN, M.D., Individually and as agent of NORTHWESTERN MEDICAL FACULTY FOUNDATION, INC.; NORTHWESTERN MEDICAL FACULTY FOUNDATION, INC.; and NORTHWESTERN MEMORIAL HOSPITAL,<br><br>    Defendants. | Case No. 01 C 5914<br><br>Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joseph Valenti ("Plaintiff"), Administrator of the Estate of Joanna L. Kolberg ("decedent"), seeks to overrule Defendant's, Northwestern Memorial Hospital's ("NMH"), claim of privilege and to compel production of statements and answers to outstanding related discovery. For the reasons that follow, Plaintiff's Motion to Overrule NMH's Claim of Privilege and to Compel Production is granted.

### BACKGROUND

On September 26, 2001, Plaintiff filed his Rule 34 Request for Production, seeking, in pertinent part, "All statements of any other witnesses." NMH answered that it had no statements other than those in the decedent's medical records.

On January 15, 2002, Plaintiff propounded Amended Interrogatory # 18, which states as

follows:

> 18. Were the circumstances surrounding the care and treatment of JOANNA L. KOLBERG during October 1999 investigated by the defendant hospital? If the answer is in the affirmative, please state the following:
>     a. When the investigation was performed;
>     b. Who performed the investigation;
>     c. Who requested said investigation to be conducted;
>     d. The purpose of each investigation;
>     e. Whether any written material, including but not limited to incident reports, was generated before, during, or after this investigation and who now has custody of said written material;
>     f. Whether any recorded statements were taken as a result of or during said internal investigation and who now has custody of such statements;
>     g. Whether any policy and procedures or rule and regulations were examined and thereafter changed as a result of said investigation.

(Pl.'s Mot. Overrule, Ex. C.) NMH did not answer, and Plaintiff filed a Motion to Compel on April 4, 2002. The Court instructed NMH to submit a privilege log[1] and to answer Amended Interrogatory # 18 on or before May 1, 2002. NMH answered Amended Interrogatory # 18 as follows:

> This defendant objects to amended interrogatory no. 8 [sic] as calling for information protected by the Medical Studies Act, the attorney-client privilege and the work product doctrine. This defendant further objects to subparagraph (e) as overly broad in that it is not confined to any investigation into this occurrence and seemingly would apply to written material of any kind relating to anything. Subject to and without waiving the foregoing objections, this defendant is not aware of any investigations into this occurrence other than those conducted by attorneys. This defendant is not aware of any incident reports or recorded statements relating to this occurrence. This defendant is not aware of any policy or procedure changes made as a result of this occurrence. Investigation continues.

(Pl.'s Mot. Overrule, Ex. C.)

On June 28, 2002, Plaintiff took the deposition of Brenda Walker, R.N., a former employee

---

[1] No privilege log has been filed.

-2-

of NMH, who had been the discharge nurse for the decedent on October 25, 1999. Nurse Walker testified that she learned the decedent committed suicide on the day following her discharge when she was called at home by her nurse manager. Nurse Walker further testified that two or three days after the decedent's suicide, she was interviewed by NMH's in-house counsel regarding the decedent's treatment and that the interviewer took handwritten notes during the interview. At that point in her deposition, counsel for NMH instructed Nurse Walker not to answer any further questions regarding the purpose or content of the interview based on the attorney-client privilege.

Plaintiff then filed the instant motion to overrule NMH's claim of attorney-client privilege and to discover the handwritten notes of the interview.

## ANALYSIS

"[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed.R.Evid. 501. Here, this Court has jurisdiction over the action based on diversity of citizenship. Moreover, the parties do not dispute that Illinois law applies to the issue of privilege.

Plaintiff seeks to overrule NMH's claim of attorney-client privilege over the statement made by Nurse Walker to in-house counsel shortly after the decedent's suicide. NMH argues that Nurse Walker's statement to in-house counsel is protected by the attorney-client privilege because it was "made by a client to an attorney while seeking legal advice and services when the statement originated in a confidence that it would not be disclosed and the statement remained confidential." (NMH's Resp. Pl.'s Mo. Overrule at 3.)

"The burden of establishing the applicability of a discovery privilege rests with the party

seeking to invoke the privilege. . . . Whether a discovery privilege applies is a matter of law . . . ." *Chicago Trust Co. v. Cook County Hospital*, 298 Ill. App. 3d 396, 401 (1998). Illinois Supreme Court Rule 201(b)(2) provides, in relevant part:

> All matters that are privileged against disclosure on the trial, including privileged communications between a party or his agent and the attorney for the party, are privileged against disclosure through any discovery procedure. Material prepared by or for a party in preparation for trial is subject to discovery only if it does not contain or disclose the theories, mental impressions, or litigation plans of the party's attorney.

166 Ill. 2d R. 201(b)(2). The attorney-client privilege applies "(1) where legal advice of any kind is sought; (2) from a professional legal adviser in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal adviser; (8) except the protection may be waived." *Chicago Trust Co.*, 298 Ill. App. 3d at 407.

NMH has provided affidavits of two nurses, Nurse Walker and Nurse Dan Rozier, who cared for the decedent during her hospitalization at NMH. Nurse Walker's affidavit states that: (1) she was employed by NMH and covered by its malpractice insurance; (2) she met with an attorney affiliated with or retained by NMH; and (3) she expected that her conversation with that person would be confidential and not disclosed to others. Nurse Rozier's affidavit states that: (1) he was employed by NMH and covered by its malpractice insurance; (2) he met with an attorney at NMH; (3) he was advised that the attorney was meeting with him in case NMH was sued at a later date; (4) he expected his conversation with that person would be confidential and not disclosed to others; and (5) in the event of a lawsuit, he expected this attorney, or someone selected by him or his department, to represent him during the litigation.

Plaintiff argues that the attorney-client privilege does not apply to the communication

between Nurse Walker and NMH's in-house counsel because Nurse Walker is not a member of the "control group". Plaintiff is correct. Under Illinois law, the attorney-client privilege applies to a statement made by an employee if:

> the employee making the communication, of whatever rank he may be, is in a position to control or even to take a substantial part in a decision about any action which the corporation may take upon the advice of the attorney, or if he is an authorized member of a body or group which has that authority, then, in effect, he is (or personifies) the corporation when he makes his disclosure to the lawyer and the privilege would apply.

*Consolidation Coal Co.*, 89 Ill. 2d at 114 (quoting *City of Philadelphia v. Westinghouse Electric Corp.*, 210 F. Supp. 483, 485 (E.D. Pa. 1962)). Nurse Walker cannot reasonably be said to be an employee of the client NMH in a position of such authority.

Defendant also cites *Buckman v. Columbus-Cabrini Medical Center*, 272 Ill. App. 3d 1060 (1995), in support of its position that the material sought by Plaintiff is privileged from disclosure. However, the attorney-client privilege found in that case does not apply here because the statement at issue was not made to an attorney acting in his legal capacity for the purpose of securing legal advice or services. *See Buckman*, 272 Ill. App. 3d at 1066. In *Buckman*, the court reviewed a communication which arose only after an attorney-client relationship had already been established between a hospital nurse and an attorney, when that nurse specifically sought legal representation for her subpoenaed deposition and was referred by the hospital for that purpose to its attorney. Here, the fact that NMH's attorney appeared on Nurse Walker's behalf at her deposition does not establish that she received legal advice and services because at the time she made her original statement she was not represented by or seeking representation from NMH's in-house counsel. *See Buckman*, 272 Ill. App. 3d at 1066 (concluding that the memoranda at issue were protected by the attorney-client

-5-

privilege because the record established the existence of an attorney-client relationship at the time the relevant communications were made). Furthermore, as was noted above, the nurses are not members of the "control group". Neither Nurse Rozier nor Nurse Walker were in a position of control or took a substantial part in any decision made by NMH on advice of in-house counsel. Therefore, the attorney-client privilege does not apply to the nurses' communications with NMH's in-house counsel.

Moreover, the attorney-client privilege "also extends to communications between an insurer and an insured, where the insurer has a duty to defend." *Chicago Trust Co.*, 298 Ill. App. 3d at 407. "In these cases, the party asserting the privilege must prove: '(1) the identity of the insured; (2) the identity of the insurance carrier; (3) the duty to defend the lawsuit; and (4) that a communication was made between the insured and agent of the insurer.'" *Chicago Trust Co.*, 298 Ill. App. 3d at 407. However, this privilege only applies when the "'communication is made to the insurer *for the dominant purpose of transmitting it to an attorney for the protection of the interest of the insured.*'" *Chicago Trust Co.*, 298 Ill. App. 3d at 409 (quoting *People v. Ryan*, 30 Ill.2d 456, 461 (1964)). Here, NMH has not shown that Nurses Walker and Rozier spoke to NMH's in-house counsel for the purpose of protecting their interests. Therefore, Nurses Walker's and Rozier's statements made to NMH's in-house counsel are not protected by the attorney-client privilege.

Plaintiff also seeks production of notes prepared during in-house counsel's interview with Nurse Walker. NMH argues that these notes are not discoverable because they are protected by the work-product doctrine.

"The work-product doctrine in Illinois, which protects against disclosure of 'the theories, mental impressions, or litigation plans of (a) party's attorney' . . . is believed necessary to prevent

complete invasion of counsel's files." *Consolidation Coal Co. v. Bucyrus-Erie Co.*, 89 Ill. 2d 103, 108 (1982) (internal citations omitted). "[A]ttorneys' notes and memoranda of oral conversations with witnesses or employees are not routinely discoverable" unless "the party seeking disclosure conclusively demonstrates the absolute impossibility of securing similar information from other sources." *Consolidation Coal Co.*, 89 Ill. 2d at 111. NMH indicates that the interview notes are lost, missing, or destroyed. Thus, it cannot be determined whether the work-product doctrine applies to the interview notes.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Overrule Defendant's, Northwestern Memorial Hospital's, Claim of Privilege and to Compel Production is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: October 24, 2002